UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARNELL DIXON, :
: Civil Action No. 11-3213 (DMC)
Petitioner, :
:
v. : **OPINION**
:
GREG BARTKOWSKI, et al., :
:
Respondents. :

**APPEARANCES:**

    DARNELL DIXON, Petitioner *pro se*
    # 291129/487146-B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    STEPHEN A. POGANY, ESQ.
    ESSEX COUNTY PROSECUTOR'S OFFICE
    50 West Market Street
    Newark, New Jersey 07102
    Counsel for Respondents

**CAVANAUGH**, District Judge

    Petitioner Darnell Dixon ("Petitioner" or "Dixon"), a convicted state prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 New Jersey state court judgment of conviction. On January 14, 2013, Petitioner filed a motion (Docket No. 25), seeking leave to hold this matter in stay and

abeyance so as to allow Petitioner to return to state court and fully exhaust his state court remedies. For the reasons stated herein, Petitioner's motion for a stay or abeyance is denied.

I. BACKGROUND

On October 24, 1996, Dixon was indicted by an Essex County Grand Jury, Indictment No. 3394-10-96, on charges of first degree murder, felony murder, first-degree robbery, second-degree aggravated assault, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose. Dixon also was separately indicted that same day on a charge of second-degree possession of a dangerous weapon by a convicted felon, under Indictment No. 3395-10-96. A jury trial was held before the Honorable F. Michael Giles, J.S.C. in February 1998. On February 24, 1998, the jury returned a guilty verdict on the charges of robbery, aggravated assault, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, and possession of a weapon by a convicted person. The jury acquitted Dixon on the charges of first-degree murder and felony murder, but did find Dixon guilty of the lesser included offense of second-degree reckless manslaughter.

On May 20, 1998, Judge Giles sentenced Petitioner to an extended term of 20 years with 10 years parole ineligibility on the reckless manslaughter charge, to be served consecutive to

the sentence on a prior conviction under Indictment No. 2287-6-95, and a prison term of 20 years with 10 years parole ineligibility on the aggravated assault charge to be served consecutive to the reckless manslaughter conviction and the sentence on Indictment No. 2287-6-95. Judge Giles also sentenced Petitioner to concurrent terms as follows: a prison term of 10 years with five years parole ineligibility on the conviction for unlawful possession of a weapon; a prison term of 20 years with a 10-year parole disqualifier on possession of a weapon for an unlawful purpose; and a prison term of five years on possession of a dangerous weapon by a convicted felon.

Dixon appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On June 1, 2000, the Appellate Division affirmed Dixon's conviction, but remanded the matter for resentencing. Dixon filed a petition for certification with the Supreme Court of New Jersey on June 22, 2000. The New Jersey Supreme Court denied certification on November 7, 2002.

On October 31, 2000, Judge Giles re-sentenced Petitioner in accordance with the remand. Specifically, on Indictment No. 3394-10-96, Dixon was sentenced to an extended term of 20 years in prison with a 10-year parole disqualifier on Count One, the reckless manslaughter charge, to be served consecutive to the

sentence on Indictment No. 2287-6-95; a prison term of 10 years with five years parole ineligibility on Count Four, the aggravated assault charge, to be served consecutive to the reckless manslaughter charge and to the sentence on Indictment No. 2287-6-95. Dixon also was sentenced to a prison term of five years on the unlawful possession of a weapon charge to be served concurrently with Counts One and Four, but consecutive to the sentence on Indictment No. 2287-6-95. Count Six, possession of a weapon for an unlawful purpose, was merged with Count One, reckless manslaughter. On Indictment No. 3395-10-96, possession of a dangerous weapon by a convicted felon, Dixon was sentenced to 7 years in prison to be served consecutive to Indictment Nos. 3394-10-96 and 2287-6-95. In short, Petitioner was sentenced to an aggregate term of 37 years in prison with 15 years parole ineligibility.

Petitioner appealed his resentencing to the Appellate Division. On October 15, 2001, the Appellate Division affirmed the resentencing. On November 7, 2002, the New Jersey Supreme Court denied certification.

On January 22, 2003, Dixon filed his first *pro se* petition for post-conviction relief ("PCR"). This petition was subsequently withdrawn by Dixon due to problems with counsel. (Respondents' Exhibit N - November 2, 2007 PCR Motion Transcript

4

at 6:6-15.) Petitioner thereafter filed a second state PCR petition on September 19, 2006. PCR counsel was assigned and filed a supporting brief on March 27, 2007. On November 1, 2007, Dixon allegedly filed a motion for withdrawal of his PCR counsel. On November 2, 2007, the Honorable Michael J. Nelson, J.S.C. filed an Order denying the PCR petition.

On February 28, 2008, Petitioner filed an appeal from denial of his PCR petition. Later, on August 20, 2008, Petitioner filed a motion for summary reversal of the Order denying the PCR petition, arguing that the PCR court had not filed a written opinion referenced in the Order denying post-conviction relief. On September 19, 2008, the Appellate Division filed an order denying the motion for summary reversal, but temporarily remanding the matter to Judge Nelson for development of the record concerning the timeliness of the PCR petition, and for findings of fact and conclusions of law regarding both timeliness and merits of the petition. The Appellate Division retained jurisdiction over the case, noting that there was confusion between a 2002 PCR petition relating to Indictment No. 2287-6-95 and the 2003 PCR petition relating to Indictment Nos. 3394-10-96 and 3395-10-96.

On March 5, 2009, Judge Nelson filed a written opinion with the Appellate Division denying the PCR petition. The Appellate

Division affirmed denial of the PCR petition on June 29, 2010. The New Jersey Supreme Court denied certification on January 7, 2011. Dixon filed this habeas petition on or about May 27, 2011.

On September 14, 2011, this Court issued an Opinion and Order directing Petitioner to show cause in writing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). (Dkt. ## 4, 5.) Petitioner responded on October 26, 2011. (Dkt. # 7.) On February 3, 2012, Petitioner filed a motion to stay his habeas proceedings. (Dkt. # 8.) He withdrew his motion on May 30, 2012, after this Court had issued a Notice and Order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (Dkt. # 11.) Petitioner then filed a supplemental petition on June 5, 2012. (Dkt. # 13.) On October 9, 2012, the Court issued an Order directing Respondents to answer the petition. (Dkt. # 16.)

Respondents filed an answer to the petition, with the relevant record on December 26, 2012. (Dkt. ## 23, 24.) On January 14, 2013, Petitioner filed this motion seeking a stay and abeyance of his federal habeas petition while he returned to state court to exhaust additional claims of ineffective assistance of counsel. (Dkt. # 25.)

II. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective." 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009). The courts of a state must be afforded the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012); *see also Rose*, 455 U.S. at 516-18; *Leyva v. Williams*, 9504 F.3d 357, 366 (3d Cir. 2007). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *See Rose*, 455 U.S. at 519; *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Further, to satisfy the exhaustion requirement, a petitioner must fairly present all of his federal claims to the state's highest court before proceeding in federal court. *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012); *see also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

7

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). The petitioner bears the burden of proving all facts establishing exhaustion. *See Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. *Rose v. Lundy*, 455 U.S. at 522; *Banks v. Horn*, 126 F.3d 206, 212-14 (3d Cir. 1997). However, because the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1] is not statutorily tolled by the premature filing of a federal habeas petition, *see Duncan v. Walker*, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. "Staying a habeas petition pending

---

[1] Title 28 U.S.C. § 2244(d)(1)(A) provides for a one-year period of limitations from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, subject to various statutory and equitable tolling considerations. Recently, the Supreme Court held that a claim of actual innocence can overcome this federal habeas time, but only when petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, No. 12-126, 569 U.S. ----, 2013 WL 2300806 at *12 (May 28, 2013).

exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (referencing petitions containing both exhausted and unexhausted claims). *See also Heleva*, 581 F.3d at (holding that a petition could be eligible for stay even where only unexhausted claims are asserted). Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at 154. The Third Circuit also has noted that a pro se petitioner is not likely to foresee the exhaustion issue on his own or to know how to avoid it. *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008).

Thus, district courts "ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, ---U.S. ----, ----, 133 S.Ct. 696, 708, 184 L.Ed.2d 528 (2013) (quoting *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). The Supreme Court held that a district court has discretion post-AEDPA to stay a mixed habeas petition (containing some claims that have not been exhausted in the state courts) to allow the petitioner to present his previously unexhausted claims to the state court in the first instance, and

9

then to return to federal court for review of his exhausted petition (without being time-barred). *Rhines*, 544 U.S. at 277. While AEDPA "does not deprive district courts of [this] authority ... it does circumscribe their discretion. Any solution to this problem must ... be compatible with AEDPA's purposes." *Id.* at 276. In addition, where a stay is warranted, a district court "should place reasonable time limits on a petitioner's trip to state court and back," since "[w]ithout time limits [on stays], petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id.* at 277-78.

In line with AEDPA's purposes, the Supreme Court held that a stay and abeyance should be available only in limited circumstances. Stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless, or petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78.

In this case, Petitioner has requested such a stay so that he can exhaust, in state court, additional claims asserting

10

ineffective assistance of counsel that were not previously raised by his state PCR counsel. Petitioner relies on the recent Supreme Court decision in *Martinez v. Ryan*, --- U.S. ----, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In *Martinez*, the Supreme Court held that inadequate assistance of counsel at initial state PCR proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 132 S.Ct. at 1317-18. The Court further held that AEDPA did not bar petitioner from using ineffectiveness of his state PCR counsel to establish "cause" for his procedural default, and that remand was required to determine whether petitioner's attorney in his first state PCR proceeding was ineffective, whether underlying ineffective assistance of trial counsel claim was substantial, and whether petitioner was prejudiced. *Id.* at 1320-21.

Here, Dixon now wishes to bring the following additional claims regarding the ineffectiveness of his trial counsel, which Dixon asserts were not raised by his first state PCR counsel: (1) Trial counsel failed to request relaxation of the plea cut-off based on a material change of circumstances; (2) Trial counsel failed to advise Dixon of his extended term status as a persistent offender; (3) Trial counsel failed to inform Dixon as to his exposure to consecutive sentences; (4) Trial counsel

11

failed to object to the trial court allowing a television in the jury assembly room; (5) Trial counsel failed to advise Dixon of a conditional plea that Petitioner could, after his *Miranda* suppression hearing but before trial, plead guilty, obtain a lesser sentence, and appeal the ruling in the *Miranda* suppression hearing; (6) Trial counsel failed to advise Petitioner of his right to testify at trial; and (7) Trial counsel failed to present Petitioner with all material information needed to make an informed decision to accept a plea offer, that is, counsel failed to advise Dixon about an aggregate maximum parole disqualifier of 15 years. (Dkt. # 25-1 at 3, 4.)

In Dixon's second state PCR proceeding (the first PCR petition having been withdrawn), the following grounds were raised: (1) The jury instruction on accomplice liability for robbery improperly placed the burden of proof on the defense to disprove an essential element of the offense;[2] (2) Trial counsel rendered ineffective assistance by failing to have Juror # 6 removed from the panel; (3) Both trial and appellate counsel were ineffective in failing to object to the prosecutor's

---

[2] This claim was raised by Dixon in his September 19, 2006 Supplemental Verified Amended Petition for Post-Conviction Relief. (Dkt. # 23-16, RE V.) Petitioner also submitted a supplemental brief in support of his PCR petition on September 19, 2006. (*Id.*)

12

vouching for the credibility of her witnesses in her summation; (4) Trial Counsel was ineffective by failing to object at sentencing to multiple extended terms to be served consecutively; (5) Trial and appellate counsel were ineffective by failing to communicate with Petitioner, failing to properly investigate potential witnesses, and failing to adequately prepare and research the law before and during trial and on appeal; and (6) Trial and appellate counsel were ineffective by failing to argue that the trial court should not have instructed the jury that Petitioner was charged as the principal actor on only Count Three of the indictment, by failing to request an appropriate jury charge on accomplice liability for robbery, by failing to request a charge of passion/provocation as a lesser included offense to felony murder, by failing to aggressively attack the credibility of a state witness, and by failing to request a mistrial after the jury asked, "If one person commits a robbery, are all others guilty?"[3] (Dkt. # 23-16, RE V.)

On March 5, 2009, Judge Nelson issued a written decision with regard to Dixon's state PCR petition. (Dkt. # 23-18, RE X.) The PCR court noted that Dixon had initially filed a *pro se* PCR petition on January 22, 2003, which Dixon withdrew because

---

[3] Claims (2) through (6) were raised by assigned PCR counsel in a brief submitted on March 27, 2007. (Dkt. # 23-16, RE V at 7-17.) This Court notes that Dixon was acquitted on the robbery charge.

he had filed a grievance against his first PCR attorney, Harvey R. Metzer, Esq. Dixon then filed an amended PCR petition on September 19, 2006. (*Id.*, RE X at 4.) Consequently, the PCR court found that the PCR petition was time-barred pursuant to N.J.Ct.R. 3:22-12, because it was filed on September 19, 2006, 8½ years after Dixon was sentenced on May 20, 1998, or 3½ years after the five-year limitations under Rule 3:22-12[4] had expired. (*Id.*, RE X at 7.) The court further remarked that Dixon failed to offer any explanation for this untimeliness. Dixon failed to assert excusable neglect or allege fundamental injustice as an exceptional circumstance. (*Id.*, RE X at 11.) The PCR court also found that Petitioner's substantive claims of ineffective assistance of counsel lacked merit. (*Id.*) The Appellate Division affirmed the denial of Dixon's PCR petition in an unpublished opinion on June 29, 2010. *State v. Dixon,* 2010 WL 2869575 (N.J. Super. A.D. Jun. 29, 2010).

In this case, Dixon has not provided this Court with good cause for failure to exhaust the newly added claims in state court before filing this habeas petition. He simply states that he learned of these potential claims through inmate paralegals.

---

[4] This Court notes that Dixon was resentenced on remand on October 31, 2000. Using the later re-sentencing date for purposes of determining the timeliness of Dixon's PCR petition, the petition was filed 11½ months after the limitations period expired. Thus, the petition was still time-barred under Rule 3:22-12.

Dixon also offers no evidence suggesting that the allegedly unexhausted claims are potentially meritorious. All of the new claims deal with ineffective assistance of counsel, and as discussed above, the state court plainly rejected other numerous claims of ineffective assistance of counsel previously asserted by Dixon in his second state PCR proceedings.

More significantly, however, Dixon cannot show that he was diligent in pursuing these claims. As demonstrated above, this case has a convoluted history. Nevertheless, Petitioner has exhibited clear and considerable dilatoriness in pursuing his PCR claims. Dixon filed his first state PCR petition in January 2003, which was timely, but he withdrew it to pursue a grievance against his first PCR counsel. Dixon then waited more than three years later, on September 19, 2006, to file his second or amended PCR petition (raising substantially the same claims as originally filed). One day before the PCR court's ruling on November 2, 2007, Petitioner sought to remove counsel.

While Dixon filed this habeas petition on May 27, 2011, four and a half months after the New Jersey Supreme Court denied certification on January 7, 2011, Dixon waited more than eight months to file a first application to stay this matter on February 3, 2012, which he thereafter withdrew on May 30, 2012. Dixon then filed a supplemental petition on June 5, 2012. After

the State filed its answer to the petition on December 26, 2012, and 19½ months after he filed his habeas petition, Dixon filed this second request to stay this matter so that he could exhaust the above-mentioned claims in state court.

Under these circumstances, most particularly the significant length of Dixon's delay in seeking a stay to pursue yet additional, unexhausted claims, this Court cannot find good cause to stay this proceeding in order to permit Petitioner to return to state court to pursue his allegedly unexhausted claim. The motion for a stay and abeyance is denied accordingly.

### III. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion for issuance of a stay and abeyance. An appropriate Order follows.

DENNIS M. CAVANAUGH
United State District Judge