### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARNELL DIXON, | : | |
| | : | Civil Action No. 11-3213 (DMC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

DARNELL DIXON, Petitioner *pro se*
# 291129/487146-B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

STEPHEN A. POGANY, ESQ.
ESSEX COUNTY PROSECUTOR'S OFFICE
50 West Market Street
Newark, New Jersey 07102
Counsel for Respondents

**CAVANAUGH**, District Judge

Petitioner Darnell Dixon ("Petitioner" or "Dixon"), a
convicted state prisoner presently confined at the New Jersey
State Prison in Trenton, New Jersey, has submitted a petition
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254,
challenging his 1998 New Jersey state court judgment of
conviction. For the reasons stated herein, the Petition is
dismissed as time-barred under 28 U.S.C. § 2244(d).

## I.  BACKGROUND

On October 24, 1996, Dixon was indicted by an Essex County Grand Jury, Indictment No. 3394-10-96, on charges of first degree murder, felony murder, first-degree robbery, second-degree aggravated assault, third-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose.  Dixon also was separately indicted that same day on a charge of second-degree possession of a dangerous weapon by a convicted felon, under Indictment No. 3395-10-96.  A jury trial was held before the Honorable F. Michael Giles, J.S.C. in February 1998.  On February 24, 1998, the jury returned a guilty verdict on the charges of robbery, aggravated assault, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, and possession of a weapon by a convicted person.  The jury acquitted Dixon on the charges of first-degree murder and felony murder, but did find Dixon guilty of the lesser included offense of second-degree reckless manslaughter.

On May 20, 1998, Judge Giles sentenced Petitioner to an extended term of 20 years with 10 years parole ineligibility on the reckless manslaughter charge, to be served consecutive to the sentence on a prior conviction under Indictment No. 2287-6-95.  The Judge further sentenced Petitioner to a prison term of 20 years with 10 years parole ineligibility on the aggravated

assault charge to be served consecutive to the reckless manslaughter conviction and the sentence on Indictment No. 2287-6-95. Judge Giles also sentenced Petitioner to concurrent terms as follows: a prison term of 10 years with five years parole ineligibility on the conviction for unlawful possession of a weapon; a prison term of 20 years with a 10-year parole disqualifier on possession of a weapon for an unlawful purpose; and a prison term of five years on possession of a dangerous weapon by a convicted felon.

Dixon appealed his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On June 1, 2000, the Appellate Division affirmed Dixon's conviction, but remanded the matter for resentencing. Dixon filed a petition for certification with the Supreme Court of New Jersey on June 22, 2000. The New Jersey Supreme Court denied certification on November 7, 2002.

On October 31, 2000, Judge Giles re-sentenced Petitioner in accordance with the remand. Specifically, on Indictment No. 3394-10-96, Dixon was sentenced to an extended term of 20 years in prison with a 10-year parole disqualifier on Count One, the reckless manslaughter charge, to be served consecutive to the sentence on Indictment No. 2287-6-95, and a prison term of 10 years with five years parole ineligibility on Count Four, the

aggravated assault charge, to be served consecutive to the reckless manslaughter charge and to the sentence on Indictment No. 2287-6-95. Dixon also was sentenced to a prison term of five years on the unlawful possession of a weapon charge to be served concurrently with Counts One and Four, but consecutive to the sentence on Indictment No. 2287-6-95. Count Six, possession of a weapon for an unlawful purpose, was merged with Count One, reckless manslaughter. On Indictment No. 3395-10-96, possession of a dangerous weapon by a convicted felon, Dixon was sentenced to 7 years in prison to be served consecutive to Indictment Nos. 3394-10-96 and 2287-6-95. In short, Petitioner was sentenced to an aggregate term of 37 years in prison with 15 years parole ineligibility.

Petitioner appealed his resentencing to the Appellate Division. On October 15, 2001, the Appellate Division affirmed the resentencing. On November 7, 2002, the New Jersey Supreme Court denied certification.

On January 22, 2003, Dixon filed his first *pro se* petition for post-conviction relief ("PCR"). This petition was subsequently withdrawn by Dixon due to problems with counsel. (Respondents' Exhibit N - November 2, 2007 PCR Motion Transcript at 6:6-15.) Petitioner thereafter filed a second state PCR petition on September 19, 2006. PCR counsel was assigned and

4

filed a supporting brief on March 27, 2007.  On November 1, 2007, Dixon filed a motion for withdrawal of his PCR counsel.  On November 2, 2007, the Honorable Michael J. Nelson, J.S.C. filed an Order denying the PCR petition.

On February 28, 2008, Petitioner filed an appeal from denial of his PCR petition.  Later, on August 20, 2008, Petitioner filed a motion for summary reversal of the Order denying the PCR petition, arguing that the PCR court had not filed a written opinion referenced in the Order denying post-conviction relief.  On September 19, 2008, the Appellate Division filed an order denying the motion for summary reversal, but temporarily remanding the matter to Judge Nelson for development of the record concerning the timeliness of the PCR petition, and for findings of fact and conclusions of law regarding both timeliness and merits of the petition.  The Appellate Division retained jurisdiction over the case, noting that there was confusion between a 2002 PCR petition relating to Indictment No. 2287-6-95 and the 2003 PCR petition relating to Indictment Nos. 3394-10-96 and 3395-10-96.

On March 5, 2009, Judge Nelson filed a written opinion with the Appellate Division denying the PCR petition.  The Appellate Division affirmed denial of the PCR petition on June 29, 2010.  The New Jersey Supreme Court denied certification on January 7,

2011. Dixon filed this habeas petition on or about May 27, 2011.

On September 14, 2011, this Court issued an Opinion and Order directing Petitioner to show cause in writing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). (Dkt. ## 4, 5.) Petitioner responded on October 26, 2011. (Dkt. # 7.) On February 3, 2012, Petitioner filed a motion to stay his habeas proceedings. (Dkt. # 8.) He withdrew his motion on May 30, 2012, after this Court had issued a Notice and Order pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). (Dkt. # 11.) Petitioner then filed a supplemental petition on June 5, 2012. (Dkt. # 13.) On October 9, 2012, the Court issued an Order directing Respondents to answer the petition. (Dkt. # 16.)

Respondents filed an answer to the petition, with the relevant record on December 26, 2012. (Dkt. ## 23, 24.) On January 14, 2013, Petitioner filed this motion seeking a stay and abeyance of his federal habeas petition while he returned to state court to exhaust additional claims of ineffective assistance of counsel. (Dkt. # 25.)

This Court denied Petitioner's motion for a stay and abeyance in an Opinion and Order filed on September 25, 2013. (Dkt. ## 26, 27.)

## II.  DISCUSSION

The State asserts that this habeas petition is time-barred under 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, pursuant to the applicable statute of limitations provision, evaluating the timeliness of the instant petition first requires a determination of when petitioner's state court judgment became final.  The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  *See Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653-54, 181 L.Ed.2d 619 (2012).

However, the statute of limitations may be statutorily tolled during the time in which properly filed state post-

conviction relief petition is pending. *See* 28 U.S.C. §

2244(d)(2). The Third Circuit has explained that:

> A prisoner's application for state collateral review is
> "'properly filed' when its delivery and acceptance are in
> compliance with the applicable laws and rules governing
> filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct.
> 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including
> "time limits, no matter their form," *Pace v. DiGuglielmo*,
> 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005).
> Thus, if a state court determines that an application is
> untimely, "'that [is] the end of the matter' for purposes
> of statutory tolling of AEDPA's limitation period, *id.* at
> 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.
> Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether
> it also addressed the merits of the claim, or whether its
> timeliness ruling was 'entangled' with the merits[,]"
> *Carey*, 536 U.S. at 226. But if a state court fails to rule
> clearly on the timeliness of an application, a federal
> court "must ... determine what the state courts would have
> held in respect to timeliness." *Evans v. Chavis*, 546 U.S.
> 189, 198, 126 S. Ct. 846, 163 L.Ed.2d 684 (2006).[1]

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–

86 (3d Cir. 2013). Furthermore, the 90-day time period during

which a state prisoner may file a petition for writ of

certiorari in the United States Supreme Court from the denial of

his state post-conviction petition does not toll the one-year

statute of limitations under 28 U.S.C. § 2244(d)(2). *Lawrence

v. Florida*, 549 U.S. 327, 332 (2007).

---

[1] In *Evans*, the Supreme Court also held that the time between
denial of post-conviction relief and the filing of an appeal
from that decision was not tolled where the appeal was untimely,
even where the state court considered the untimely appeal on the
merits. *Evans*, 546 U.S. at 191.

In this case, the State argues that Petitioner's first PCR petition was filed on September 19, 2006, long after Petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1), and thus, the PCR petition did not serve to toll the limitations period under § 2244(d)(2). Specifically, more than 44 months had elapsed between February 7, 2003 (when the 90-day period for seeking a writ of certiorari to the U.S. Supreme Court expired) and September 19, 2006 (when Dixon filed his first state PCR motion). Dixon cannot rely on his initial PCR motion submitted in state court on January 22, 2003, because he voluntarily withdrew that application, and did not re-file his petition until September 19, 2006. Moreover, the state PCR court ruled that the state PCR petition was untimely pursuant to N.J.Ct.R. 3:22-12, because it was filed on September 19, 2006, 8½ years after Dixon was sentenced on May 20, 1998, or 3½ years after the five-year limitations under Rule 3:22-12 had expired, and Dixon had provided no explanation for this untimeliness. (Dkt. # 23-18, RE X at 7, 11.) Consequently, the Court concludes that the tolling provision under § 2244(d)(2) does not apply because the one-year limitations period had expired well before September 19, 2006, and the state court had determined that the PCR petition was time-barred. *See Jenkins*, 705 F.3d at 85-86.

9

Because the statutory tolling provision does not apply here, Dixon had until February 7, 2004 to file his federal habeas petition. He did not file this habeas petition until May 27, 2011, more than seven years beyond the limitations period. Accordingly, this federal habeas petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 130 S. Ct. 2549, 2554, 2560, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at ----, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89.

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S. Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398

F.3d 271, 277 (3d Cir. 2005) (citing *Jones*, 195 F.3d at 160).
Reasonable diligence is examined under a subjective test, and it
must be considered in light of the particular circumstances of
the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384
F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the
maximum feasible diligence, but it does require diligence in the
circumstances.") (internal quotation marks and citations
omitted).

The court also must determine whether extraordinary
circumstances exist to warrant equitable tolling. "[G]arden
variety claim[s] of excusable neglect" by a petitioner's
attorney do not generally present an extraordinary circumstance
meriting equitable tolling. *Holland*, 130 S. Ct. at 2564
(citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157,
168 (3d Cir. 2003). Rather, equitable tolling could be
triggered only when "the principles of equity would make the
rigid application of a limitation period unfair, such as when a
state prisoner faces extraordinary circumstances that prevent
him from filing a timely habeas petition and the prisoner has
exercised reasonable diligence in attempting to investigate and
bring his claims." *LaCava*, 398 F.3d at 275-276; *see also
Holland*, 130 S. Ct. at 25 62 (relying on *Pace*, 544 U.S. at 418).

11

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

There are no bright lines in determining whether equitable tolling is warranted. *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *see id.*, and each decision made a case-by-case basis. *See Holland*, 130 S. Ct. at 2563. The Third

Circuit has explained, consistent with Supreme Court holdings in
*Holland*, 130 S. Ct. at 2562 and *Pace*, 544 U.S. at 418, that
"equitable tolling is appropriate when principles of equity
would make rigid application of a limitation period unfair, but
that a court should be sparing in its use of the doctrine."
*Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399); *see also
Jenkins*, 705 F.3d at 89; *Urcinoli v. Cathal*, 546 F.3d 269, 278
(3d Cir. 2008).

In this case, Petitioner appears to contend that equitable
tolling should apply due to misconduct by a court official and
his attorneys, and not simply a miscalculation of the
limitations period.[2]  To support this claim in response to this
Court's September 14, 2011 Order to Show Cause (Dkt. ## 4, 5),
Dixon submitted letters he exchanged with the public defender
concerning the status of his state PCR petitions on his 1995
conviction and his 1996 petition.  The letters indicate that

---

[2] As a general rule, miscalculation of the remaining time on a
limitations period does not constitute extraordinary
circumstances to permit equitable tolling. *Fahy v. Horn*, 240
F.3d 239, 244 (3d Cir.), *cert. denied*, 534 U.S. 944 (2001); *see
also Johnson v. Hendricks*, 314 F.3d 159, 161, 163 (3d Cir.
2002), *cert. denied*, 538 U.S. 1022 (2003).  Moreover, in a non-
capital case such as this, "attorney error is not a sufficient
basis for equitable tolling of the AEDPA's one-year period of
limitation." *Schlueter*, 384 F.3d at 76.  *See also Lawrence*, 549
U.S. at 336-37 ("Attorney miscalculation is simply not
sufficient to warrant equitable tolling, particularly in the
postconviction context where prisoners have no constitutional
right to counsel").

13

Petitioner communicated with the Office of the Public Defender several times about the status of his state PCR petition challenging the convictions on the 1996 indictments, that Petitioner was led to believe that his PCR petition was filed in 2003, that the case was assigned to attorney Sheri Woliver for handling on February 4, 2004, and that on June 14, 2004, Ms. Woliver informed Petitioner that his PCR petition had not been filed. The first letters attached by Plaintiff to public defender attorneys regarding his PCR petition are dated March 3, 2005. Petitioner also wrote to Ms. Woliver, of the Somerset Region PCR Unit, on March 3, 2005, asking her to raise certain issues in his PCR case. That letter indicates that Dixon wrote to Ms. Woliver for the first time in December 24, 2004. (Dkt. # 7, P.App.1-5.) Dixon also alleges that he has had problems with Darryl Vartabedian of the Essex County Criminal Division Manager's Office regarding the filing of his PCR petition, and that PCR petitions had been disposed in the trash can. (Dkt. # 7 at 7-8.) There appears to be no documentary support for Petitioner's allegations about Mr. Vartabedian and the disposal of PCR petitions by Mr. Vartabedian's office.

Petitioner's argument for equitable tolling tries to track, although to a lesser degree, the factual circumstances in *Holland, supra*. In *Holland*, the Supreme Court remanded a

14

habeas proceeding to the Court of Appeals for the Eleventh
Circuit to determine whether the attorney's conduct in not
timely filing a habeas petition and not communicating with
petitioner for a period of years rose to the level of
"extraordinary circumstances" to permit equitable tolling of the
one-year statute. *Holland*, 130 S. Ct. at 2564-65. The Court
expressly noted that Holland "not only wrote his attorney
numerous letters seeking crucial information and providing
direction; he also repeatedly contacted the state courts, their
clerks, and the Florida State Bar Association in an effort to
have [counsel]—the central impediment to the pursuit of his
legal remedy—removed from his case. And, the *very day* that
Holland discovered that his AEDPA clock had expired due to
[counsel's] failings, Holland prepared his own habeas petition
pro se and promptly filed it with the District Court." *Id.* at
2565 (emphasis in original).

On a related issue, the Supreme Court addressed an
attorney's abandonment in handling a petitioner's state PCR
application. *Maple v. Thomas*, --- U.S. ----, 132 S. Ct. 912,
181 L.Ed. 807 (Jan. 18, 2012). In *Maples*, petitioner's PCR
application was prepared by two New York attorneys associated
with a certain New York-based law firm. While that PCR
application was pending before the trial court, petitioner's New

York attorneys left their firm for other employ without
notifying either the petitioner or the trial court about their
inability to continue the petitioner's representation. When the
petitioner's PCR application was denied, notices of the same
were sent to the attorneys at their former firm's address and
returned to the trial court undelivered and unopened. The trial
court clerk attempted no further mailing, hence leaving the
petitioner without notice that his time to appeal was triggered.
Having no such notice, the petitioner procedurally defaulted on
his PCR appeal, and that procedural default barred him from
raising his claims in his federal habeas petition. *Id.*, 132 S.
Ct. at 916-17, 919-21.

Performing an analysis substantively analogous to that
conducted in *Holland*, the Supreme Court found that petitioner
had shown "cause" for the purposes of overcoming the procedural
default bar on the grounds of attorney abandonment, which took
away not only the petitioner's ability to timely raise his
appellate PCR challenges but also the petitioner's ability to
raise his federal habeas claims. *Maples*, 132 S. Ct. at 923-24,
927-28; *compare Schlueter*, 384 F.3d at 77-78 (where attorney had
allegedly represented that he would file a PCR application, but
the prisoner had not taken "affirmative steps to ensure the

timely filing" of such PCR application, equitable tolling was unwarranted).

Following the instruction in *Holland*, this Court here has carefully reviewed the factual circumstances as submitted by Petitioner on the issue of equitable tolling. The Court finds that the circumstances in this case do not rise to an extraordinary level to warrant equitable tolling. First, there is no indication of attorney misconduct or abandonment as displayed in *Holland* and *Maple*, *supra*. The facts, as determined on PCR review, show that Dixon voluntarily withdrew his PCR petition, which he initially filed in January 2003. (Respondents' Ex. N – Nov. 2, 2007 PCR Motion Transcript at 6:6-15.) Dixon did not write to the public defender or Ms. Woliver regarding his PCR petition until March 3, 2005, well after the limitations period had expired. Even if the Court were to acknowledge the December 2004 date referenced in the March 3, 2005 letter to Ms. Woliver, that date still post-dates the expiration date of Dixon's one-year AEDPA period. In addition, Petitioner's case has a convoluted history because it is intertwined with another criminal conviction preceding the 1996 conviction under review here. Understandably, there was confusion by counsel and Dixon regarding the PCR petitions to be

17

filed in both matters, which does not tend to support a claim of attorney abandonment or malfeasance.

Further, Dixon's bald allegation of malfeasance by court official Mr. Vartabedian is not supported by any documentary evidence or proof. The Court also observes that the issue of timeliness as to the filing of the PCR petition was litigated in state court, and the allegation of Mr. Vartabedian's malfeasance was not raised at that time when it would have been appropriate to do so if such alleged malfeasance had in fact occurred.

Moreover, equitable tolling must be balanced against any clear indication of Petitioner's dilatoriness in pursuing PCR review. *Holland* does not change the law regarding equitable tolling, which requires that a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing." 130 S. Ct. at 2562. This Court finds that the facts in this case do not establish that Petitioner exercised reasonable diligence in pursuing his rights. First, the state PCR court ruled that Dixon's PCR petition was untimely under N.J.Ct.R. 3:22-12, because it was filed on September 19, 2006, 8½ years after Dixon was sentenced on May 20, 1998, or 3½ years

after the five-year limitations under Rule 3:22-12[3] had expired. (Dkt. # 23-18, RE X at 7.)  The court further remarked that Dixon failed to offer any explanation for this untimeliness. Dixon failed to assert excusable neglect or allege fundamental injustice as an exceptional circumstance.  (*Id.*, RE X at 11.)

Second, Dixon's letters to counsel concerning his state PCR petition do not overcome the fact, as determined by the state PCR courts, that Petitioner withdrew his January 2003 PCR petition, and did not file a new PCR petition until September 19, 2006.  Significantly, the letters post-date the expiration of the one-year limitations period.  Dixon's one-year AEDPA statute of limitations expired on February 7, 2004, and the letters attached by Petitioner to counsel were dated March 3, 2005, one year beyond expiration of the limitations period. Even Dixon's reference to his first letter to Ms. Woliver in December 2004 post-dates the February 7, 2004 expiration date by 10 months.  Thus, even if counsel had filed a PCR petition at that time, it still would not have tolled the statutory period and does not serve to excuse Petitioner's tardiness in asking about the status of his PCR petition.  Thus, this Court finds

---

[3] This Court notes that Dixon was resentenced on remand on October 31, 2000.  Using the later re-sentencing date for purposes of determining the timeliness of Dixon's PCR petition, the petition was filed 11½ months after the limitations period expired. Thus, the petition was still time-barred under Rule 3:22-12.

that Petitioner has not exhibited diligence in pursuing his PCR claims. Dixon filed his first state PCR petition in January 2003, which was timely, but he withdrew it to pursue a grievance against his first PCR counsel. Dixon then waited for a year after the expiration of the statutory period to inquire about his state PCR petition, and more than three years later, on September 19, 2006, to file his amended PCR petition (raising substantially the same claims as originally filed).

Third, the fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Ross*, 712 F.3d at 800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (holding that equitable tolling not justified where petitioner had one month left in limitations period in which he could have "fil[ed] at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him). Indeed, as observed above, "garden variety claim[s] of excusable neglect" do not constitute extraordinary circumstances for purposes of equitable tolling. *Holland*, 130 S. Ct. at 2564.

Finally, even if Dixon claims that his PCR counsel rendered ineffective assistance of counsel, such claim does not provide a basis for equitable tolling of the AEDPA one-year limitations period. *See Garcia v. Warren*, Civ. No. 12-7680 (JAP), 2013 WL 3221306, *4 (D.N.J. Jun. 25, 2013) (finding that general allegations of ineffective assistance of PCR counsel, along with a reliance on *Martinez*[4], did not show extraordinary circumstance prevented petitioner from timely filing his federal habeas petition); *Silfies v. Walsh*, No. 02-1777, 2013 WL 3049096, at *3 (M.D.Pa. June 17, 2013) ("*Martinez* did not provide that post-conviction counsel's ineffectiveness could establish an exception to or equitable tolling of AEDPA's one-year statute of limitations for filing a federal habeas corpus petition.") (citations omitted); *Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *6 (E.D.Pa. Feb.13, 2013) ("The Supreme Court does not state in *Martinez* that a blanket allegation of ineffectiveness of PCRA counsel can constitute a basis for equitable tolling of the habeas statute of limitations. The Martinez decision did not allow for equitable tolling of the AEDPA deadlines.") (citations omitted), report and

---

[4] *Martinez v. Ryan*, --- U.S. ----, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012). In *Martinez*, the Supreme Court held that inadequate assistance of counsel at initial state PCR proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 132 S. Ct. at 1317-18.

recommendation adopted by, 2013 WL 943356 (E.D.Pa. Mar.11, 2013); *Terry v. Cathel*, No. 12-5263, 2012 WL 4504590, at *4 (D.N.J. Sept.27, 2012) ("No aspect of the *Martinez* decision implicated, addressed or even reflected on the issue of untimeliness of the litigant's federal habeas petition."); *see also Scaife v. Falk*, No. 12-2530, 2013 WL 1444236, at *5 (D.Colo. Apr. 9, 2013) ("[A]lthough *Martinez* might be relevant if Mr. Scaife were seeking to overcome a procedural default in the context of exhaustion of state court remedies, nothing in *Martinez* demonstrates the existence of any extraordinary circumstances to justify equitable tolling of the one-year limitation period.").

Therefore, this Court concludes that equitable tolling does not apply in this case and the habeas petition is now time-barred. Further, there is no basis to conduct an evidentiary hearing to determine whether Petitioner's unsupported allegations of misconduct by counsel and a court official constitute extraordinary circumstances for equitable tolling because this Court has determined that Petitioner's letters to counsel post-dated the expiration of the AEDPA one-year limitations period and the record shows no attorney malfeasance that would rise above garden-variety neglect. Accordingly, the petition is dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## V.   CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition must be dismissed as time-barred, and that a certificate of appealability will not issue.    An appropriate Order follows.

DENNIS M. CAVNAUGH
United State District Judge