**\*NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DARNELL DIXON, | : | |
| | : | Civil Action No. 11-3213 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Darnell Dixon's application for relief from a judgment or order pursuant to Rule 60(b). (ECF No. 34). For the following reasons, this Court will deny Petitioner's Rule 60(b) motion.

**I. BACKGROUND**

Because Judge Cavanaugh recounted the facts underlying Petitioner's petition for a writ of habeas corpus in his written decision dated October 18, 2013, only a brief recitation of that decision and the subsequent history of Petitioner's case is necessary here. On October 18, 2013, this Court denied Petitioner's habeas petition as time barred. (ECF No. 28 at 7-24). Specifically, this Court found that Petitioner was originally sentenced on May 20, 1998. (*Id.* at 2). Petitioner appealed, and the matter was remanded for resentencing, with Petitioner being resentenced on October 31, 2000. (*Id.* at 3). Petitioner once again appealed, and the New Jersey Appellate Division affirmed on October 15, 2001. (*Id.* at 4). Petitioner thereafter petitioned for certification to the New Jersey Supreme Court, which was denied on November 7, 2002. (*Id.*). Petitioner filed his initial

post-conviction relief application on January 22, 2003.  (*Id.*).  Petitioner, however, withdrew that application at some point in 2003.  (*Id.*; Exhibit N attached as Document 8 to ECF No. 23 at 6).  Petitioner didn't refile his PCR application until September 19, 2006.  (ECF No. 28 at 4).  The PCR court ultimately denied that application and found the 2006 PCR petition to be time-barred.  (*Id*. at 9).   This Court therefore found that as more than a year had elapsed between the withdrawal of the first PCR petition and the filing of the second, untimely petition, and because the second PCR petition was filed more than a year after the time to petition for certiorari on Petitioner's direct appeal expired on February 7, 2004, petitioner's § 2254 petition was untimely filed.  (*Id.* at 9-10).

Because statutory tolling was unavailable to Petitioner as he filed his second PCR more than one year after the withdrawal of his initial petition had passed, this Court then considered whether Petitioner had shown exceptional circumstances and reasonable diligence sufficient to benefit from equitable tolling.  (*Id.* at 10-13).  As to exceptional circumstances, this Court rejected Petitioner's argument that alleged attorney error or unsupported allegations of misconduct by court staff sufficed to meet Petitioner's burden.  (*Id.* at 13-14).  Specifically, this Court held that

> [f]irst, there is no indication of attorney misconduct or abandonment [here].  The facts, as determined on PCR review, show that Dixon voluntarily withdrew his PCR petition, which he initially filed in January 2003.  Dixon did not write to the public defender or [counsel] regarding his PCR petition until March 3, 2005, well after the limitations period had expired.  Even if the Court were to acknowledge the December 2004 date referenced in the March 3, 2005[,] letter to [counsel], that date still post-dates the expiration of Dixon's one-year AEDPA period.  In addition, Petitioner's case has a convoluted history because it is intertwined with another criminal conviction preceding [the instant conviction].  Understandably, there was confusion by counsel and Dixon regarding the PCR

> petitions to be filed in both matters, which does not tend to support a claim of attorney abandonment or malfeasance.
>
> Further, Dixon's bald allegation of malfeasance by court official[s] is not supported by any documentary evidence or proof.

(*Id.* at 17-18). This Court also rejected Petitioner's contention that he had diligently pursued his rights given the lengthy period between the withdrawal of Petitioner's first PCR petition in 2003 and his contacting counsel in 2005, let alone his filing of his 2006 PCR. (*Id.* at 19-20). This Court therefore found no basis for equitable tolling and dismissed Petitioner's habeas petition as untimely.

After this Court's order and opinion were entered, Petitioner filed a notice of appeal on November 22, 2013. (ECF No. 30). The Third Circuit construed the notice of appeal as also making a request for a certificate of appealability, and ultimately denied Petitioner a certificate of appealability on May 19, 2014. (ECF No. 32). In so doing the Third Circuit made the following ruling:

> [Petitioner's] application for a certificate of appealability is denied. Even if reasonable jurists might debate the District Court's ruling that [Petitioner's] habeas petition was untimely (including the District Court's reliance on the Post Conviction Relief ("PCR") court's conclusion that appellant withdrew a PCR petition that he filed in 2003), reasonable jurists would not debate whether appellant has stated a valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In particular, reasonable jurists would not debate whether the state courts' rejection of the four claims [Petitioner] asserted in his habeas petition is contrary to or an unreasonable application of clearly established federal law, primarily for the reasons the state courts explained. *See* 28 U.S.C. § 2254(d)(1). Reasonable jurists also would not debate the merits of the six claims that [Petitioner] asserted in his "supplement." In addition, even if [Petitioner's] initial habeas petition were deemed timely, the claims he asserted in his supplement do not relate back to that petition and are untimely because [Petitioner] filed his supplement well more than one year after the latest date on which the statute of limitations could be

>deemed to have begun running.  *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000).   For these reasons, appellant's claims do not deserve "encouragement to proceed further."  *Slack*, 529 U.S. at 484 (quotation marks omitted).

(ECF No. 32 at 1).

## II. PETITIONER'S RULE 60(b) MOTION

### A. Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."  *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987).  A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion."  *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).  A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal.  *Id.*

4

**B. Analysis**

In his Rule 60(b) motion, Petitioner argues at length that this Court should excuse his procedural default and permit him to litigate his habeas petition on the merits.[1] To the extent that Petitioner attempts to argue that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), would permit him to excuse his timeliness problems by showing inadequate assistance of counsel during his first PCR, this Court has already addressed that argument and rejected it. (ECF No. 28 at 21-22). Regardless of Petitioner's arguments as to procedural default, Petitioner has failed to present any meritorious argument as to the timeliness of his petition, and therefore has provided no basis for relief from this Court's prior order.

Petitions brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations which begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court." *See Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015). The New Jersey Supreme Court denied Petitioner's petition for certification on November 7, 2002. The 90 days for filing a petition for certiorari on that appeal therefore had run as of February 7, 2003. Thus, absent tolling, Petitioner's habeas petition would be untimely if not filed by February 7, 2004.

Normally, a properly filed PCR application will statutorily toll the AEDPA limitations period. *Id.* Although Petitioner filed a PCR application in 2003, he withdrew that application in

---

[1] Petitioner is unclear as to whether he's seeking to reopen this Court's opinion and order or the judgment of the Third Circuit. As this Court lacks the jurisdiction or authority to do the latter, this Court will assume for the purposes of this opinion that Petitioner seeks relief from this Court's final order and opinion.

that same year. Petitioner did not file another PCR application until September 19, 2006, long after the one year period had run from the withdrawal of Petitioner's first PCR application in 2003. As such, even had the 2006 PCR application been timely and sufficient to toll the limitations period, it would have been of no benefit to Petitioner as the one-year AEDPA limitations period had already run. Thus, this petition is time barred absent equitable tolling.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To merit equitable tolling, a petition must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). In non-capital cases such as this one, an attorney's "malfeasance or non-feasance is typically not an 'extraordinary circumstance which justifies equitable tolling of a [habeas petition]." *Bass*, 268 F. App'x at 199; *see also Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). The exception to this general rule applies only in that small group of cases where the attorney's malfeasance comes in the form of an affirmative misrepresentation to the petitioner and is coupled with extreme diligence on the part of the petitioner. *See Schlueter*, 384 F.3d at 76; *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239-42 (3d Cir. 1999).

As this Court found in its October 2013 opinion, Petitioner has failed to show either extraordinary circumstances or reasonable diligence. As to the circumstances, Petitioner argues ineffective assistance of counsel, effectively attorney nonfeasance or malfeasance, and that certain court officials acted improperly. Neither argument is availing to Petitioner as there is no evidence

in the record to support the latter assertion, and the former in and of itself is patently insufficient to establish extraordinary circumstances to warrant tolling. *See Bass*, 268 F. App'x at 199; *Schlueter*, 384 F.3d at 76. (*See also* ECF No. 28 at 17-20). Likewise, this Court's prior opinion was entirely correct that Petitioner's failure to take any action in regards to his PCR between withdrawing the first Petition in 2003 and writing to the PD's office in 2005 indicates that Petitioner failed to show that he was reasonably diligent in pursuing his PCR and habeas rights. As such, even were Petitioner able to show extraordinary circumstances, he would not be entitled to equitable tolling. His petition was therefore properly dismissed as time barred, and Petitioner's arguments provide no basis for the granting of relief from this Court's October 2013 order.

Aside from the lack of a basis for tolling, Petitioner's 60(b) motion faces an additional hurdle in so much as he has already appealed this Court's order and had his request for a certificate of appealability denied. Although the Third Circuit did not decide the timeliness question as to all of Petitioner's claims in its order denying the certificate, the Court of Appeals did hold that

> reasonable jurists would not debate whether appellant has stated a valid claim of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In particular, reasonable jurists would not debate whether the state courts' rejection of the four claims [Petitioner] asserted in his habeas petition is contrary to or an unreasonable application of clearly established federal law, primarily for the reasons the state courts explained. *See* 28 U.S.C. § 2254(d)(1). Reasonable jurists also would not debate the merits of the six claims that [Petitioner] asserted in his "supplement." In addition, even if [Petitioner's] initial habeas petition were deemed timely, the claims he asserted in his supplement do not relate back to that petition and are untimely because [Petitioner] filed his supplement well more than one year after the latest date on which the statute of limitations could be deemed to have begun running.

(ECF No. 32 at 1). The Third Circuit has therefore rejected Petitioner's habeas arguments in its

7

order denying a certificate of appealability. As Petitioner had the opportunity to raise these arguments in his request for a certificate of appealability before the Third Circuit, and as the Third Circuit rejected the merits of his habeas claims in denying his request, there is no basis for granting Petitioner's motion. *See Holland*, 409 F. App'x at 497 (motion cannot be used to litigate issues that could have been raised on appeal).

## IV. CONCLUSION

For the reasons stated above, Petitioner's Rule 60(b) motion is DENIED. An appropriate order follows.

Dated: July 14, 2015                    *s/ Susan D. Wigenton*
                                                                                      Hon. Susan D. Wigenton,
                                                                                     United States District Judge